UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| EILEEN GRADY, <br><br> Plaintiff, <br> v. <br><br> TARGET STORE #2381, et al, <br><br> Defendants. | Civil Action No. <br><br> 2:17-CV-4160-ES-SCM <br><br> **OPINION** <br> **ON DISCOVERY DISPUTE** <br> **D.E. 42, 44** |

**Steven C. Mannion**, United States Magistrate Judge.

Before the Court is the parties' informal discovery dispute concerning travel costs.[1] Defendant Target Corporation ("Target") seeks to compel Plaintiff Eileen Grady ("Ms. Grady") to pay the travel costs for its litigation counsel to travel from New Jersey to Minnesota to be present in-person for the video deposition of Target's corporate designee.[2] Ms. Grady opposes the motion.[3] The Court decides this dispute without oral argument. For the reasons set forth herein, the motion to compel payment is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 42, 44 & 47). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 42 & 44, Def.'s Br.).

[3] (D.E. 47, Pl.'s Br.).

## I. BACKGROUND[4]

This action concerns property damage and personal injuries sustained when a giant red bollard rolled from its position outside of a Target store and collided with Ms. Grady's vehicle while she drove in Target's parking lot.[5] Ms. Grady's counsel noticed Target's deposition to take place at the office of Target's litigation counsel in New Jersey.[6]

Target designated its Director of Construction as its corporate designee, identified his availability to be deposed in Minnesota, and indicated that Ms. Grady's counsel should "make the necessary arrangements to travel to Minneapolis, Minnesota."[7] Defense counsel alternatively stated that "if … you wish … to take [the] deposition via telephone or videoconferencing, please note we are required to appear with the witness during his deposition at his physical location… [and] plaintiff would be responsible for all travel expenses defense counsel incurs to appear in person at the deposition."[8] Ms. Grady's counsel agreed to conduct the deposition via videoconference, but stated that Ms. Grady "will not be paying or reimbursing any … expenses incurred by you or your office in connection with this deposition."[9]

---

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 9, Am. Compl., at ¶¶ 12–16).

[6] (D.E. 47-1, Dep. Notice).

[7] (D.E. 45, Def.'s Br., Ex. A).

[8] (*Id.*).

[9] (D.E. 45, Def.'s Br., Ex. B).

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[10] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[11] Magistrate judges further have discretion over the location of a deposition and costs related thereto.[12] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[13]

## III. LEGAL STANDARD

Any party may "depose any person, including a party, without leave of court."[14] Depositions may be taken by written questions or oral examination, and occur in person or remotely.[15] Absent special circumstances, there are several presumptions that apply to depositions: 1) the examining party chooses the mode of examination;[16] 2) each party bears its own costs and

---

[10] 28 U.S.C. § 636(b)(1)(A).

[11] L. Civ. R. 72.1(a)(1); 37.1.

[12] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 941 F. Supp. 2d 513, 519 (D.N.J. 2005) (quoting *South Seas Catamaran, Inc. v. Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988)).

[13] 28 U.S.C. § 636(b)(1)(A).

[14] Fed. R. Civ. P. 30(a)(1); *Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 494 (E.D. Pa. 2003) ("[A] corporation may be examined through the deposition testimony of its officers, directors, or managing agents.").

[15] Fed. R. Civ. P. 30(b)(4); Fed. R. Civ. P. 31.

[16] *Interlego A.G. v. Leslie-Henry Co.*, 32 F.R.D. 9, 11 (M.D. Pa. 1963).

counsel fees;[17] and 3) the "deposition of a corporat[e] [defendant] by its agents and officers should ordinarily be taken at its principal place of business."[18]

## IV. DISCUSSION AND ANALYSIS

The Court denied without prejudice Target's initial informal motion for lacking any legal support.[19] Target then filed a letter brief relying on *Redmond*, an unpublished decision from the Eastern District of Louisiana, for the proposition that a foreign defendant "has the right to have counsel present during [a] Rule 30(b)(6) deposition at the location where the deposition is taking place."[20] *Redmond* concerned an appeal from a magistrate judge's order that a foreign corporation appear for a deposition via videoconferencing while counsel for both parties remain at their

---

[17] *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 616 (5th Cir. 1985) (explaining that bad faith conduct was an exception to American rule that each party bears its own deposition related costs and fees), *on reh'g*, 790 F.2d 1193 (5th Cir. 1986), *aff'd and remanded*, 482 U.S. 437 (1987); *Interlego A.G.*, 32 F.R.D. at 11; *Cont'l Cas. Co. v. Houdry Process Corp.*, 18 F.R.D. 75, 76 (E.D. Pa. 1955) (holding that "parties should bear their own expenses, unless the circumstances are such as to indicate strongly that discretion should be exercised to the opposite effect").

[18] *Salter v. Upjohn Co.*, 593 F.2d 649, 652 (5th Cir. 1979) (quotation marks and citation omitted); *Exxon Mobil Corp.*, 941 F. Supp. 2d at 519 (quotation marks and citation omitted); *see also Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 572–73 (W.D. Pa. 2010) (reciting the general rule); *Philadelphia Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003) (same). *Sampathachar v. Fed. Kemper Life Assurance Co.*, No. 03-5905, 2004 WL 2743589, at *2 (E.D. Pa. Nov. 24, 2004) (explaining that "[a] defendant neither chooses the cause of action nor the place of its bringing").

This presumption "is subject to modification, however, when justice requires." *Exxon Mobil Corp.*, 941 F. Supp. 2d at 519 (quotation marks and citation omitted) (Jewish lawyers could not travel to Saudi Arabia, so Saudi corporate witnesses ordered to be deposed in Europe). It is the discovering party's burden to overcome the presumption by showing that justice requires that a designee appear somewhere other than where his or her works or the corporate headquarters. *See Salter*, 593 F.2d at 652; *Parks, LLC v. Tyson Foods, Inc.*, No. 15-00946, 2015 WL 9316060, at *2 (E.D. Pa. Dec. 23, 2015).

[19] (D.E. 43, Order).

[20] (D.E. 44, Def.'s Br., at 3 (citing *Redmond v. Poseidon Personnel Servs., S.A.*, No. 09-2671, 2009 WL 3486385 (E.D. La. Oct. 23, 2009)).

respective offices.[21] That court held that the party had a right to have its counsel present during the deposition.[22] *Redmond* is factually distinguishable and not binding on this Court. Target has not been ordered to appear remotely without its counsel present. Target offered to testify at the designee's office or remotely from his office, and Ms. Grady opted for the latter.

Target also relies on a slew of cases—none of which are binding on this Court—to demonstrate that courts have ordered parties to split travel costs. Target fails to appreciate the facts of those cases in relation to the facts presented here. Target does not explain why Ms. Grady should pay its litigation counsel's travel costs to Minnesota for a videoconference deposition yet not be required to pay the same for an in-person deposition in Minnesota.

It is presumed that absent special circumstances each litigant bears its own costs.[23] Target predicates its showing for special circumstances on a financial/business hardship on Target due to its corporate designee's busy work schedule. Target is a national chain that no doubt defends against personal injury actions in every state in which it has property. It chose to produce its witness in Minnesota, and also chose its counsel in this litigation. It may likewise choose to be defended at this deposition by local Minnesota counsel, by its New Jersey counsel, or both. Target has not provided any evidence that it cannot bear the costs of travel for its counsel, cannot be adequately represented by its local Minnesota counsel, or why the equities demand that Ms. Grady bear the travel costs. In short, Target has not shown the presence of unusual circumstances that warrant shifting those costs to Ms. Grady. The Court therefore **DENIES** Target's informal motion.

An appropriate Order follows:

---

[21] *Redmond*, 2009 WL 3486385, at *2.

[22] *Id*. at *3.

[23] *See Dr. Bernard Heller Found. v. Lee*, 847 F.2d 83, 89 (3rd Cir. 1988) (citations omitted).

5

# ORDER

**IT IS** on this Tuesday, May 07, 2019,

**ORDERED**, that Defendant Target Corporation's informal motion is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/7/2019 8:00:54 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File